## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SANDIA VISTA LLC,

               Plaintiff,

vs.                                      CIVIL NO.  05-1154 WJ/LFG

TERESA I LLC, JOHN P. WILGER,
JR, STORM "N" WIRE LLC, FFHOENIX
CUIVRE LLC, TERRY FRENCH, JOHN
P. WILGER, SR., JERRY A. CAMILLI,
SHIRLEY P. CAMILLI, DAVID M. CAMILLI,
ALYSIA J. CAMILLI, DANNY F. DEAVER,
VICTORIA A. DEAVER, CCC TRUST, by and
through its Trustee, Donald Guarienti, DUKE
TRUST, by and through its Trustee, Donald W.
Duke, and WILGER TRUST, by and through
its Trustee, John P. Wilger, Sr.,

               Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S
## MOTION TO COMPEL DISCOVERY RESPONSES FROM FFHOENIX

THIS MATTER is before the Court on Plaintiff's Motion to Compel Discovery Responses from Ffhoenix Cuivre, LLC  ("Ffhoenix")[Doc. 49].  The Court considered the motion, response and reply, and determines that oral argument is not necessary.

The discovery dispute in this case involves various interrogatories and requests for production submitted by Plaintiff Sandia Vista, LLC, ("Sandia") to Ffhoenix.

Request for Production Nos. 2 and 5.  Ffhoenix did not object to either of these Requests for Production, but stated that the documents sought were in possession of Teresa I and certain employees or agents and that Ffhoenix would provide the documents as soon as they were available.  Specifically, in reference to Corrected Request for Production No. 2, Ffhoenix stated:

> The plans, specifications and structural documents are believed to be in possession of Teresa I and the building architect, Perspectiva. There are invoices paid by Ffhoenix for HVAC repairs made prior to Plaintiff's purchase which Plaintiff is attempting to locate. Ffhoenix will provide these documents as soon as it locates same. All other documents in possession of Ffhoenix in response to this request were provided in its Initial Disclosures.

So, too, in its response to Corrected Request No. 5, Ffhoenix stated, "Please see documents from Dona Ana County case which are being made available for inspection and copying and the documents provided by Ffhoenix in its Initial Disclosure."

Since the filing of the response, apparently no further documents responsive to Request for Production Nos. 2 or 5 have been provided. Accordingly, Ffhoenix is now directed to produce or make available for inspection and copying all documents sought or, alternatively, certify under oath that these documents do not exist.

Ffhoenix must produce the documents that are under its control. If Ffhoenix can obtain documents in the possession of a third party on request, those documents are considered to be under Ffhoenix's control. Resolution Trust Corp. v. Deloitte & Touche, 145 F.R.D. 108, 110 (D. Colo. 1992). Thus, if the documents are in the possession of Ffhoenix's agent, employee or entity subject to Ffhoenix's control, Ffhoenix must do more than simply advise where the documents are. It must obtain them from the entity subject to its control, or where Ffhoenix has a legal right to obtain the documents on demand. In other words, "legal ownership" of the information requested is not determinative as to whether the materials are under a party's control. In Re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995), cert. denied, 517 U.S. 1205 (1996). Accordingly, Ffhoenix must produce to Sandia the remaining documents or a certification that the documents do not exist, within twenty days after entry of this order.

2

Requests for Production No. 3 and 4.  In Request No. 3, Sandia sought production of correspondence between Ffhoenix or its attorneys and other entities pertaining to the Dona Ana County case from January 1, 2001 through the present.  In Request No. 4, Sandia requested copies of correspondence between Ffhoenix or its attorneys and other entities pertaining to the lawsuit filed by Ffhoenix and Storm against Aguilar and Mestas, Inc., Wilger Enterprises, Inc., Teresa I, LLC, et al., in the 210th Judicial District Court in El Paso County.  (Doc. 49, Ex. 2).

Ffhoenix objected to production contending that the request was overly broad and subject to attorney-client privilege.  It does not appear, however, that Ffhoenix complied with its obligation to submit a Vaughn index.[1]

The Court overrules the objection that the request is overly broad.  It is limited in scope, subject and time.  The Court will direct production of the information sought in Requests 3 and 4 within twenty days after entry of this order.  To the extent Ffhoenix contends that the information sought is subject to privilege, it must submit a Vaughn index which identifies the type of document, the author and the recipients, the general subject matter, the date of its creation and the nature of the privilege being asserted.  Sandia is afforded twenty days from receipt of the Vaughn index to either concede that the documents are, indeed, subject to a privilege or to file a motion to compel particular documents.  The Vaughn index is due within twenty days after entry of this order.

In Request for Production No. 12, Sandia sought Ffhoenix's financial statements for 2004 and 2005, "balance sheets, profit loss statements, tax returns, income statements, and comments

---

[1]A "Vaughn Index" is a term derived from Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  It generally consists of a listing of the documents withheld, identifies the individual who created the document and the persons to whom the document was distributed, and includes the dates of the documents.  It also identifies the specific privilege claimed.

describing net worth." Sandia argues that the documents are relevant to the issue of punitive damages. Ffhoenix objected on grounds that the request was overly broad, vague and harassing. Ffhoenix argued the documents sought were immaterial and irrelevant to the issues. Finally, Ffhoenix objected based on grounds that the business-related information was proprietary and confidential. (Doc. 49, Ex. 3).

While the federal rules provide for broad and liberal discovery, the Court is mindful of the need to balance a party's right of discovery with the opposing party's right of privacy and right to be free from an intrusive examination of private financial matters. *See* Griswold v. Connecticut, 381 U.S. 479, 85 S. Ct. 1678 (1965); *compare* United States v. Reynolds, 345 U.S. 1, 73 S. Ct. 528 (1953).

However, information as to current net worth and financial condition is generally relevant to the issue of punitive damages. *See* City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270, 101 S. Ct. 2748 (1981) ("[E]vidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded . . . ."). *See also* Continental Trend Resources, Inc. v. Oxy USA Inc., 101 F.3d 634, 641-42 (10th Cir. 1996) (wealth of a defendant is relevant in determining constitutionally permissible punitive damages award under Due Process Clause), *cert. denied,* 520 U.S. 1241 (1997); Quest Medical, Inc. v. Apprill, 90 F.3d 1080, n. 15 (5th Cir. 1996) (under Texas law, net worth is relevant to issue of punitive damages; a defendant's ability to pay bears directly on the question of adequate punishment and deterrence), *reh'g denied*, 99 F.3d 1137 (5th Cir. 1996); Massey v. Farmers Ins. Group, 986 F.2d 1428 (Table, Text in Westlaw), 1993 WL 34770 at *8 (10th Cir. Feb. 9, 1993) (under Oklahoma law, evidence of the worth of a party

against whom punitive damages are sought is relevant to the issue of the amount of damages necessary to sufficiently punish and deter the party), *cert. denied*, 508 U.S. 911 (1993).

Ffhoenix objects to the production of information contending the information is overly broad, burdensome and not relevant. Indeed, Ffhoenix's argument finds support in both federal and state court rulings. *See* Chenoweth v. Schaaf, 98 F.R.D. 587, 588-90 (W.D. Pa. 1983) (discovery not permitted when court was unable to find that there was a real possibility of a punitive damages award); John Does I-VI v. Yogi, 110 F.R.D. 629, 633 (D.D.C. 1986) (discovery of the defendant's financial status was relevant but should not be revealed until it was necessary to prove claim of punitive damages); Rupe v. Fourman, 532 F. Supp. 344, 350-51 (S.D. Ohio 1981) (same). Nonetheless, a majority of federal courts permit pretrial discovery of a defendant's financial condition without requiring a plaintiff to establish a *prima facie* case. Mid-Continent Cabinetry v. George Koch Sons, Inc., 130 F.R.D. 149 (D. Kan 1990)(eleven cases collected in support of discovery).

To completely bar a party from discovering evidence which goes to a pending claim places that party in an untenable position. In Wauchop v. Domino's Pizza, Inc., 138 F.R.D. 539, 550 (N.D. Ind. 1991), the court said:

> To require a *prima facie* showing of entitlement to punitive damages at this time, before the completion of discovery, could also be quite difficult for the plaintiff and would not be logical since the only purpose of discovery is to locate evidence to support a punitive damage claim.

This not to say that a litigant may simply allege a claim for punitive damages and have wholesale access to a defendant's financial information. The Court may properly limit discovery to protect the defendant from unfair disclosure and to balance the burdens on Ffhoenix with Sandia's right to information. The Court may also prevent Sandia from disseminating private information.

Here, Sandia seeks a wide array of Ffhoenix's financial information for a period of two years. The request is overly broad, burdensome and irrelevant to the issue of punitive damages. The information sought must be relevant to the claim. Defendant's *present* net worth is an important factor for the jury to consider in determining an amount of punitive damages. Aerotech Resources, Inc. v. Dodson Aviation Inc., 2001 WL 395397 at *2 (D. Kan. Apr. 11, 2001) (finding current net worth relevant and rejecting argument that such information was confidential). A defendant's worth from some years ago is not relevant. In Cincinnati Insurance Co. v. Clark, 1992 WL 34128 (E.D. Pa. Feb. 19, 1992), the court addressed a similar issue and found that the pertinent issue is defendant's *present net worth*, not the defendant's net worth from years ago. Thus, in Cincinnati Insurance Co., the court required defendant to produce financial information, but limited the request to defendant's present net worth. Id. at *2.

So, too, here. The Court will grant, in part, Sandia's motion, but will sustain, in part, Ffhoenix's objections. The Court will require Ffhoenix to provide evidence only of its present net worth, as evidence by its most recent annual report or current financial statements. This information must be produced to Sandia within twenty days of entry of this order.

IT IS THEREFORE ORDERED THAT Sandia's Motion to Compel [Doc. 49] is GRANTED in part and DENIED in part, as described herein.

Lorenzo F. Garcia
Chief United States Magistrate Judge